UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COREY BETHEL, <br><br> Plaintiff, <br><br> v. <br><br> D.H. ROGERS, Sheriff of Guilford County, North Carolina, in his official capacity; <br><br> Defendant. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. Introduction

Under North Carolina law, a person can be placed on the North Carolina sex offender registry, and thereby made subject to substantial deprivation of liberty, upon a local official's *ad hoc* determination that the individual has been convicted of an offense in a federal jurisdiction "substantially similar" to a North Carolina crime requiring registration. No statute or regulation provides guidance on how to make such determination, or who should make it, and there is no mechanism, ether pre- or post-deprivation, to contest the decision.

Mr. Corey Bethel, Plaintiff to this action, has been placed on the North

1

Carolina sex offender registry pursuant to determination by a sheriff's deputy that his conviction for an offense under the Uniform Code of Military Justice was "substantially similar" to a North Carolina offense requiring registration. This determination was made without notice or opportunity to be heard and without right of appeal.

Plaintiff brings this action seeking declaratory and injunctive relief preventing Defendant from requiring him to register as a sex offender unless and until he is afforded constitutionally sufficient due process in the determination whether his offense under the Uniform Code of Military Justice is "substantially similar" to a North Carolina offense requiring registration.

## II. Jurisdiction and Venue

1.  This case is brought pursuant to 42 U.S.C. § 1983.

2.  Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1342. Plaintiff seeks redress for deprivation of rights secured by the United States Constitution.

3.  Venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. § 1391(b).

4.  By information and belief, Defendant resides in the Middle District of North Carolina.

5. The events and omissions giving rise to this claim occurred in the Middle District of North Carolina.

6. The declaratory and injunctive relief sought by Plaintiff is authorized by 28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure 57 and 65, and by the legal and equitable powers of the Court.

7. Plaintiff Corey Bethel is an individual now residing in Guilford County, North Carolina.

8. Defendant D.H. Rogers is the sheriff of Guilford County, North Carolina. He is sued in his official capacity.

### III. Statement of Facts

9. Under North Carolina law, Defendant Rogers is responsible for registration of persons subject to registration under Article 27A of the North Carolina General Statutes – Sex Offender and Public Protection Registration Programs. N.C.G.S. § 14-208.7(a).

10. In March, 2017, Mr. Bethel pled guilty before a general court-martial located at Misawa Air Base, Japan of violating Article 120b(c) of the Uniform Code of Military Justice (sexual abuse of a child).

11. Article 120b(c) provides that any person who "commits a lewd act upon a child is guilty of sexual abuse of a child."

12. "Lewd act" is defined expansively by 10 U.S.C. § 920b(h)(5).

13. The elements of the military offense described in Article 120b(c) are not equivalent to the elements of any North Carolina offense.

14. Upon his return to the United States and to Guilford County, North Carolina, Mr. Bethel reported to the Guilford County Sheriff's Office.

15. While there, a Guilford County Sheriff's Deputy, Deputy P. Murphy, determined that Mr. Bethel's offense was "substantially similar" to a North Carolina offense requiring registration and forced Mr. Bethel, under threat of felony conviction for failure to do so, to register as a sex offender.

16. In making this determination, Deputy Murphy was acting within the scope of his employment.

17. In making this determination, Deputy Murphy was acting at the direction and control of, and upon the authority of, Defendant Rogers,

18. Mr. Bethel had no notice or opportunity to be heard prior to Deputy Murphy making the determination that his federal conviction was "substantially similar" to a North Carolina offense requiring registration.

19. North Carolina state statutes do not provide any guidance for making the determination that a federal offense is "substantially similar" to a North Carolina reportable conviction.

20. There is currently no other authoritative guidance to State officials regarding how to determine that an offense committed in a jurisdiction other than the State of North Carolina is "substantially similar" to North Carolina reportable conviction.

21. Mr. Bethel is currently registered with Defendant pursuant to N.C.G.S. § 14-208.7(a) and is listed on the state-wide sex offender registry.

22. By placement on the registry, Mr. Bethel is subject to public opprobrium and reputational harm.

23. By placement on the registry, Mr. Bethel is subject to substantial deprivations of liberty.

24. These deprivations include, but are not limited to: on-going, in-person registration requirements and surveillance by law enforcement personnel (N.C.G.S. §§ 14-208.7, 14-208.8A, and 14-208.9); restriction from parks, libraries, the state fair, museums, places of worship, colleges, and other locations (*See* N.C.G.S. §14-208.18(a)); restrictions on housing (N.C.G.S. §§ 14-208.16 and 14-208.18); and occupational restrictions (N.C.G.S. §§ 14-208.17 and 14-208.19A).

25. Since being placed on the registry, Mr. Bethel has complied with all statutes applicable to persons on the North Carolina sex offender registry.

26. Mr. Bethel is currently subject to prosecution for violation of the

5

statutes and regulations pertaining to registered sex offenders and contained in Article 27A of the North Carolina General Statutes and related provisions of North Carolina law.

27. Defendant has not disavowed the intent to enforce against Plaintiff all statutes applicable to persons required to register under Article 27A of the North Carolina General Statutes and related provisions.

## IV. Cause of Action
## Procedural Due Process

28. The preceding paragraphs are incorporated by reference.

29. By state action, Plaintiff has been placed on the North Carolina sex offender registry based upon a Deputy Sheriff's determination that his federal conviction is "substantially similar" to a North Carolina offense requiring registration.

30. Plaintiff is currently under threat of arrest and felony prosecution for violating any statute applicable to registrants.

31. Placement on the North Carolina sex offender registry causes reputational harm to Plaintiff.

32. Placement on the North Carolina sex offender registry significantly alters Plaintiff's legal status and rights as described above.

33. Plaintiff was given no notice or opportunity to be hear prior to the

6

determination that he was required to register on the basis of "substantial similarity."

34. Plaintiff was not afforded constitutionally sufficient due process prior to being placed on the North Carolina sex offender registry by Defendant.

35. Plaintiff is restrained of his liberty by placement on the North Carolina sex offender registry.

WHEREFORE, Plaintiff prays the Court:

1) For a declaratory judgment that Defendant has violated Plaintiff's Due Process Rights under the Fourteenth Amendment of the Constitution of the United States by placing him on the North Carolina sex offender registry and thereby subjecting him to a substantial deprivation of liberty without constitutionally sufficient due process;

2) For an Order directing Defendant, in his official capacity, to remove the Plaintiff's name and other information from the registry maintained by the Defendant and directing Defendant to forward notice of such removal to the North Carolina State Bureau of Investigation with instructions that Plaintiff's name should be removed from the statewide sex offender registry;

3) For an injunction barring Defendants, in his official capacity, from enforcing North Carolina statutes applicable only to registered sex offenders against the Plaintiff;

4) For attorney's fees and costs pursuant to 42 U.S.C. §1988 and any other applicable federal or state statute; and

5) For any such other relief to which Plaintiff may be entitled.

This is the 14th day of April, 2020.

>*//Paul M. Dubbeling//*
>Paul M. Dubbeling
>P.M. Dubbeling, PLLC
>210 North Columbia Street
>Chapel Hill, NC 27514
>(919) 635-6005 Telephone
>(919) 404-7074 Facsimile
>paul.dubbeling@pmdubbeling.com
>NC Bar # 47014