IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:20-CV-00330-LCB-JEP

| | |
|---|---|
| COREY BETHEL )<br><br>Plaintiff, )<br><br>v. )<br><br>D.H. ROGERS, Sheriff of Guilford )<br>County, North Carolina, in his official )<br>capacity, )<br><br>Defendant. )<br>_____ ) | **DEFENDANT SHERIFF ROGERS'**<br>**RESPONSE BRIEF IN OPPOSITION**<br>**TO**<br>**PLAINTIFF'S MOTION TO**<br>**DISMISS THE COUNTERCLAIM** |

## PREAMBLE

**COMES NOW** Defendant Sheriff Rogers pursuant to Fed. R. Civ. P. 12(b)(1) and

(6) and Local Rules 7.2(a) and 7.3(f), and submits this Response opposing Plaintiff's

Motion to Dismiss (Doc. #21) the Defendant's Counterclaim for Declaratory Relief which

was asserted in the Sheriff's Answer to the Complaint (Doc. #20).

## STATEMENT OF THE CASE

The Complaint was filed <u>April 14, 2020</u> and seeks declaratory and injunctive relief

arising from Plaintiff's status as registered sex offender in North Carolina. (<u>Doc. #1</u>, pp. 1-

2). That status relates to military courts-martial convictions Plaintiff received in <u>2017</u> for

"sexual abuse of a child" under Article 120b(c) of the Uniform Code of Military Justice

("UCMJ"). (Doc. #1, ¶¶ 10 - 11). That Article is violated when a service member commits

a lewd act upon a child. <u>Id.</u> The Complaint alleges "*a Sheriff's Deputy*" made the legal

determination that Plaintiff's military convictions were a reportable offense under the

1

"substantial similarity" analysis in N.C. Gen. Stat. § 14-208.6, and that *"Plaintiff was given no notice or opportunity to be heard prior to the determination that he was required to register on the basis of 'substantial similarity'."* (Id., ¶¶ 15-18, 29-33).

Plaintiff seeks a judicial declaration that he did not receive due process from said Deputy or his employer, Sheriff Rogers, during that decision-making process. (Doc. #1, p. 7). Plaintiff also seeks affirmative relief, requiring Sheriff Rogers to remove Plaintiff from the North Carolina Sex Offender Registry ("NC SOR") and prohibiting the Sheriff from enforcing sex offender statutes against him. Id.

In its Order of March 17, 2021 (Doc. #19), the Court resolved a default entry obtained by Plaintiff and permitted Sheriff Rogers to file an Answer and/or other response to the Complaint. On March 24, 2021, the Sheriff filed an Answer (Doc. #20) denying Plaintiff was deprived of due process. In his Answer, Sheriff Rogers included a Counterclaim for Declaratory Relief (Id., pp. 11 – 19) which arises from and is directly related to the very same events upon which Plaintiff based his Complaint. Specifically, in his Counterclaim, Sheriff Rogers seeks a judicial declaration resolving two legal issues:

1. Do the terms and conditions in Plaintiff's military courts-martial and discharge documents (Doc. ##20-1 and 20-2) when examined under the Sex Offender Registration and Notification Act ("SORNA"), impose a federal law requirement upon Plaintiff to register as a sex offender on the NC SOR that is completely independent of any duty to register under North Carolina law?

2. Are Plaintiff's military convictions for sexual abuse of a child under the UCMJ "substantially similar" to the offense of taking indecent liberties with children under N.C. Gen. Stat. § 14-202.1, or some other "reportable conviction" as defined by Gen. Stat. § 14-208.6(4)c and § 14-208.6(5), such that Plaintiff must register as a sex offender on the NC SOR under North Carolina law?

On <u>May 6, 2021</u>, under Fed. R. Civ. P. 12(b)(1) and (6), Plaintiff filed a Motion to Dismiss the Sheriff's Counterclaim (Doc. #21), contending it failed to state a claim for relief and that the Sheriff lacked standing to bring the federal portion of the counterclaim. (<u>Id</u>. at p. 1). Sheriff Rogers now responds in opposition to said Motion to Dismiss.

## STATEMENT OF THE ALLEGATIONS IN THE COUNTERCLAIM

On or about <u>March 17, 2017</u>, in a military General Courts-Martial, Plaintiff pleaded guilty to two criminal counts of sexual abuse of a child under Article 120b(c) and (h)(5)(B) of the UCMJ. (Counterclaim, Doc. #20, p. 11, ¶ 1; and Doc. #20-2, p. 1). As a result, Plaintiff was sentenced to 2.5 years of active confinement and a Bad Conduct Discharge. (Counterclaim, Doc. #20, p. 11, ¶ 2; and Doc. #20-2, p. 2).

On or about <u>September 20, 2018</u>, Plaintiff completed his confinement, was discharged from the military, and returned to his civilian home in Greensboro, North Carolina. (Counterclaim, Doc. #20, p. 11, ¶ 3). On or about <u>September 25, 2018</u>, at the Guilford County Sheriff's Office ("GCSO"), Plaintiff met with Deputy Murphy--a sworn Deputy employed by Defendant Rogers in the GCSO's Sex Offender Registration Unit. (Counterclaim, Doc. #20, p. 11, ¶ 4).

At or before that September 25, 2018 meeting, Deputy Murphy received a military discharge document labeled "DD Form 2791" -- "Notice of Release/Acknowledgment of Convicted Sex Offender – Registration Requirements". (Counterclaim, Doc. #20, p. 11, ¶ 5). A copy of that DD Form is an exhibit (Doc. #20-1) to Sheriff Rogers' Answer/Counterclaim.

The DD Form 2791, which Plaintiff signed and initialed, is significant in several material respects. Specifically, it states that as a result of his military convictions for sex offenses, Plaintiff was *"required . . . to register as a sex offender"*; that he was *"subject to registration requirements under SORNA"*; that while Plaintiff was *"awaiting appellate review"* of his military convictions, he was *"required to register with the state and local law enforcement agencies until the appellate process is complete"*;[1] that he was ordered to *"REPORT TO REGISTER"* at the GCSO the following *"Monday"*; and that he was *"subject to a registration requirement as a sex offender"*. (Counterclaim, Doc. #20, pp. 11 - 12, ¶ 6).

At or before the September 25, 2018 meeting with Plaintiff, Deputy Murphy was also provided with a "Report of Result of Trial" signed by a military prosecutor which

---

[1] At the time of this September 25, 2018 meeting, the appellate review of Plaintiff's military convictions had not been completed. A final decision from the U.S. Court of Appeals for the Armed Forces was not rendered until 2019 (Case No. 19-0148/AF), when it denied Plaintiff's petition for review of (a) his convictions, and (b) the intermediate decision of the Air Force Court of Criminal Appeals affirming his convictions.

summarized the offenses to which Plaintiff had pleaded guilty and reflected his sentence. (Counterclaim, Doc. #20, p. 13, ¶ 7). A copy of this Report is also an exhibit (Doc. #20-2) to the Answer/Counterclaim. This Report is significant because it states Plaintiff's registration as a sex offender was ***"Required"***. (Counterclaim, Doc. #20, p. 13, ¶ 8).

In sum, the foregoing excerpts from Plaintiff's military courts-martial and military discharge documents, state that as a consequence of Plaintiff's military convictions (in and of themselves), he was required by Federal law to register as a sex offender upon his return to Guilford County. Plaintiff acknowledged this requirement as evidenced by his initials and signature. Following his review of these documents, Deputy Murphy reasonably, rationally, and understandably concluded the same. (Doc. #20, p. 13, ¶ 9).

In addition to the above-described compulsory implications of Plaintiff's military courts-martial and military discharge documents, N.C. Gen. Stat. § 14-208.7 requires any State resident with a "reportable conviction", to register as a sex offender with the Sheriff of the county where the person resides. (Doc. #20, p. 14, ¶ 10). Gen. Stat. § 14-208.6(4)c defines the term "reportable conviction" as "[a] final conviction in a federal jurisdiction (including a courts-martial) of an offense, which is substantially similar to an offense against a minor or a sexually violent offense as defined by this section." (Doc. #20, p. 14, ¶ 11). Gen. Stat. § 14-208.6(5) defines the term "sexually violent offense" (as used in the preceding sentence) as including a violation of Gen. Stat. § 14-202.1--taking indecent liberties with children. (Counterclaim, Doc. #20, p. 14, ¶ 12).

The legal elements of Plaintiff's military convictions for sexual abuse of a child under Article 120b(c) of the UCMJ can be found at 10 U.S.C. § 920b and are substantially similar to the elements of the North Carolina criminal offense of taking indecent liberties with children under N.C. Gen. Stat. § 14-202.1. (Counterclaim, Doc. #20, p. 14, ¶ 13).

In particular, the legal elements of the military offense of sexual abuse of a child are: (a) the commission of a lewd act, (b) upon a child under age 16, (c) <u>when committed with the intent to gratify sexual desire</u>.  (Underscoring added). (Doc. #20, p. 14, ¶ 14). Under UCMJ Art. 120b(h)(5), "lewd act" includes:  **(B)** <u>intentionally exposing one's genitalia</u>, . . . to a child by any means, <u>including via any communication technology,</u> with an intent to abuse, humiliate, or degrade any person, or <u>to arouse or gratify the sexual desire of any person;</u> (Underscoring added)  (Counterclaim, Doc. #20, pp. 14 - 15, ¶ 15).

The elements of the North Carolina offense of taking indecent liberties with a child under N.C. Gen. Stat. § 14-202.1 are satisfied when: (a) a subject who is 16 years of age or more and at least five years older than the child in question, (b) willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years, and (c) does so <u>for the purpose of arousing or gratifying sexual desire</u>.  (Underscoring added).  (Counterclaim, Doc. #20, p. 15, ¶ 16).[2]

_____

[2] As shown by the first pages of Doc. ##20-1 and 20-2, the victims of Plaintiff's crimes were under the age of 16.  Plaintiff's birth date was redacted in Doc. #20-1 to protect his privacy, but the undersigned represents to the Court that Plaintiff was 23 years old at the time of the earliest of these offenses and thus satisfies the age element in Gen. Stat. § 14-202.1(a).  If directed, Counsel will provide the Court an unredacted copy of Doc. #20-1.

North Carolina Courts have interpreted Gen. Stat. § 14-202.1 broadly such that no actual touching of the child is required and the crux of the offense centers on the intent to arouse or gratify a sexual desire. See *State v. Hartness,* 326 N.C. 561, 567, 391 S.E.2d 177, 180–81 (1990) ("The crime of indecent liberties is a single offense which may be proved by evidence of the commission of any one of a number of acts. The evil the legislature sought to prevent in this context was the defendant's performance of any immoral, improper, or indecent act in the presence of a child for the purpose of arousing or gratifying sexual desire. Defendant's purpose for committing such act is the gravamen of this offense; the particular act performed is immaterial. . . . Nor is there any requirement that the State prove that a touching occurred. Rather, the State need only prove the taking of any of the described liberties for the purpose of arousing or gratifying sexual desire."). (Counterclaim, Doc. #20, p. 15, ¶ 17). [3]

For purposes of N.C. Gen. Stat. § 14-208.7, it matters not that Plaintiff's military convictions may be "substantially similar" to North Carolina offenses which do qualify as "reportable convictions" and, at the same time, be "substantially similar" to State offenses which do not qualify as "reportable convictions". Instead, the statutory analysis is satisfied

---

[3] Notwithstanding the use of the words "in the presence of the child" in *State v. Hartness* above, "physical presence" is not an element of this offense in either N.C. Gen. Stat. § 14-202.1 or the corresponding Pattern Jury Instruction (N.C.P.I.—Crim. 226.85). Moreover, these words have also been interpreted broadly by the Courts such that use of electronic devices to commit the act has been deemed "constructive presence"--sufficient to satisfy the elements of taking indecent liberties with a child. See *State v. Every,* 157 N.C. App. 200, 208, 578 S.E.2d 642, 649 (2003). (Counterclaim, Doc. #20, p. 16, ¶ 18).

7

if Plaintiff's military convictions are substantially similar to any "reportable conviction" under NC law. (*See* Gen. Stat. § 14-208.7 and Counterclaim, Doc. #20, p. 17, ¶ 19).

Sheriff Rogers contends Plaintiff is required to register as a sex offender under both Federal and State law. Hence, in his Counterclaim, the Sheriff seeks a declaratory judgment on both issues.

## THE APPLICABLE LEGAL STANDARDS

**A. Fed. R. Civ. P. 12(b)(6):** A Rule 12(b)(6) Motion to Dismiss for failure to state a claim tests the legal sufficiency of the Complaint (or, in this case, the Counterclaim), *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "Plaintiff's well-pleaded allegations are taken as true and the Complaint is viewed in the light most favorable to Plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), *cert denied*, 510 U.S. 1197, 114 S.Ct. 1307 (1994).

**B. Fed. R. Civ. P. 12(b)(1):** Here Plaintiff makes a Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction based on the defendant/counter-claimant's alleged lack of standing. The following passage from *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005) is instructive on this issue:

> [T]he standing limitation is derived from the cases or controversies requirement of Article III. A justiciable case or controversy requires a 'plaintiff [who] has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf.' *Planned Parenthood of South Carolina v. Rose,* 361 F.3d 786, 789 (4th Cir.2004) (alteration in original) (quoting *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 38, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)), *cert. denied,* 543 U.S. 1119, 125 S.Ct. 1036, 160 L.Ed.2d 1067 (2005). To satisfy the constitutional standing requirement, a plaintiff must provide evidence to support the conclusion that: (1) "the plaintiff ... suffered an injury in fact—an invasion of

8

a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there [is] a causal connection between the injury and the conduct complained of"; and (3) "it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations and internal quotation marks omitted).

## ARGUMENT

**A. Sheriff Rogers' Request for a Judicial Declaration concerning whether Plaintiff's Military Convictions are "Substantially Similar" to a Reportable Conviction Under NC Law such that Plaintiff Should be Required to Register as a Sex Offender is Properly Before this Court**

At pages 2 – 4 of his Brief (Doc. #22), Plaintiff argues for dismissal of Sheriff Rogers' counterclaim for declaratory relief seeking a judicial determination that Plaintiff's military convictions are substantially similar to a reportable conviction under North Carolina law such that Plaintiff should be required to register as a sex offender under State law. Plaintiff's contention is that ***"this case concerns the <u>process</u> by which Mr. Bethel was required to register – not ultimately <u>whether</u> he is required to register".*** (Plaintiff's Brief, Doc. #22 at p. 3). The Plaintiff could not be more wrong. This case is about both issues and Sheriff Rogers respectfully urges the Court to answer both questions. Although both issues are interconnected, it is clear from Plaintiff's statement above that he wants to impose illogically constrained and highly restrictive parameters upon this Court's inquiry.

Asking the Court to focus solely on the process which led to Plaintiff's registration as a sex offender but to ignore whether he is lawfully required and obligated to register as a sex offender is, in this context, as self-serving as it is selective. If Plaintiff's theory were adopted, it would also create potentially dangerous public safety consequences. Why?

9

Because if the Court determines Plaintiff received inadequate due process, Plaintiff seeks an Order removing him from the NC SOR and prohibiting the Sheriff from enforcing any sex offender statutes against him. (Complaint, Doc. #1, p. 7, ¶¶ 2 - 3). This means that even if Plaintiff's convictions would ordinarily require him to register as a sex offender, he would get free pass and be absolved of all future obligations to comply with sex offender statutes. Such an incongruous result places the public's safety at risk.

Instead, to address Plaintiff's due process concerns while protecting the important public safety purposes underlying the NC sex offender registration statutes, it is far more logical for the Court to decide both questions, to wit: (1) did Plaintiff receive adequate due process from the Sheriff's Office?; and (2) is Plaintiff, by virtue of his military convictions, legally obligated to register as a sex offender under Federal and/or State law?

As the starting point for his contention, Plaintiff argues that Sheriff Rogers' counterclaim for declaratory relief is really not a counterclaim (at least not as defined by Black's Law Dictionary . . .) because the Sheriff **"does not seek relief against Mr. Bethel"**. (Plaintiff's Brief, Doc. #22 at p. 3). Perhaps that might be accurate if we view this lawsuit through the awkwardly narrow and rigidly confined legal prism which Plaintiff attempts to force upon the Court. However, seeking a judicial determination which, if rendered in the Sheriff's favor, would impose a substantial legal burden upon the Plaintiff, to wit: requiring him to register as a sex offender and comply with the significant statutory restrictions imposed upon such offenders is a form of **"relief _against_ Mr. Bethel"**. One does not need to bend, twist, or contort the word **"relief"** to reach that conclusion. This is

particularly true given the Sheriff is statutorily required to assist the State in the sex offender registration process (*See* Gen. Stat. § 14-208.7(a)) and that the Sheriff's Office has already determined Plaintiff is legally required to register.[4]

Moreover, Black's Law Dictionary is hardly the final word on what constitutes a "counterclaim". A much more authoritative source is Fed. R. Civ. P. 13(a) which defines a compulsory counterclaim as ***"any claim that . . . the pleader has against an opposing party if the claim: (a) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (b) does not require adding another party over whom the court cannot acquire jurisdiction."*** Here Sheriff Rogers' counterclaim for declaratory relief arises out of the same factual circumstances as Plaintiff's affirmative claims and can be resolved without adding any parties who are beyond the Court's jurisdiction. Not only does the Sheriff's counterclaim satisfy the definition in Rule 13(a), but it also comports with the broad language in subsection (c) of the Rule which reads: "***<u>Relief Sought in a Counterclaim</u>. A counterclaim need not diminish or defeat the recovery sought by the opposing party. It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party***.

---

[4] At page 3 of his Brief (Doc. #22), Plaintiff incorrectly argues ***"[t]he only "relief" sought [by Sheriff Rogers' counterclaim] is relief from Plaintiff's original claim on the grounds of mootness."*** If the Court rules in the Sheriff's favor on his counterclaims for declaratory relief, it may well deem Plaintiff's affirmative claims as mooted. However, as articulated above, the relief Sheriff Rogers seeks is not simply a defensive victory on Plaintiff's affirmative claims for alleged (but very much disputed) due process violations, but rather whether Plaintiff is obligated to register as a sex offender as the Sheriff's Office has previously concluded.

Furthermore, the two judicial declarations sought by Sheriff Rogers in his counterclaim involve an *"actual controversy"* between the parties in the case *sub judice*, and ask the Court to make a determination as to the respective obligations, *"rights and other legal relations"* between the Sheriff and Plaintiff vis-à-vis SORNA and the North Carolina sex offender statutes. Hence the Sheriff's counterclaim plugs neatly into the type of remedy provided by the Declaratory Judgment Act in 28 U.S.C. 2201(a) which reads:

> (a) <u>In a case of actual controversy</u> within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, <u>may declare the rights and other legal relations of any interested party seeking such declaration</u>, whether or not further relief is or could be sought. . .  (underscoring added)

Lastly, permitting the counterclaim to proceed would serve the purpose of judicial economy by resolving all legal issues existing between the parties in one lawsuit. *See Plains Ins. Co. v. Sandoval*, 35 F.R.D. 293, 296 (D. Colo. 1964) (holding that "one of the important purposes of . . . a counterclaim is 'to obtain full relief for all parties and a complete determination of all controversies which arise out of the matters charged in the original bill.' quoting *Collier v. Harvey*, 179 F.2d 664, 668 (10th Cir. 1949)).

### B. <u>Sheriff Rogers' Request for a Judicial Declaration as to whether Plaintiff's military conviction creates an independent federal obligation under SORNA, requiring registration in the NC SOR is also Properly Before This Court</u>

In this portion of his Brief (Doc. #22 at p. 4), Plaintiff addresses Sheriff Rogers' counterclaim for a judicial declaration that--completely independent of any duty to register under the "substantial similarity" analysis in State law--Plaintiff's military convictions also require him to register under the Federal SORNA.

12

In this section of his Brief, Plaintiff repeats the same arguments addressed in Section A above. He again argues that, per Black's Law Dictionary, the Sheriff's counterclaim for declaratory relief is really not a counterclaim. (Doc. #22 at p. 4). He also again attempts to persuade the Court to put on blinders and rigidly confine its inquiry solely to Plaintiff's affirmative claims for his perceived due process violations; and, in doing so, to ignore the more substantive legal issues raised by the Sheriff's counterclaim which seek a determination concerning Plaintiff's obligation to register as a sex offender. (<u>Id</u>.). Sheriff Rogers has already addressed these contentions in pages 9 - 12 of his Response above, and they do not require further treatment here.

Plaintiff does make one new argument (Doc. #22 at p. 4), when he cites <u>*Grabarczyk v. Stein*</u> [5] for that Court's purported criticism of an affirmative defense based upon the independent federal duty to register as a sex offender under SORNA. <u>*Grabarczyk*</u> is distinguishable in several significant respects; hence Plaintiff's reliance on that opinion is seriously misplaced. First and foremost, <u>*Grabarczyk*</u> concerned <u>only</u> a challenge to the State's application of the "substantial similarity" analysis under North Carolina law. This is abundantly clear from the Federal District Court's observation that **"*Defendants [at summary judgment] first argue that plaintiff and the class members have a duty to register as sex offenders under federal law, specifically SORNA (citations omitted) . . . In essence, defendants argue that plaintiffs have suffered no prejudice by being required to register under North Carolina law because they would otherwise be required to***

---

[5] 2020 WL 2441418 (E.D.N.C. May 12, 2020)

*register under SORNA. (citations omitted).* __But this lawsuit concerns only North Carolina's state law regarding sex offender registration.__*"* *Grabarczyk v. Stein*, No. 5:19-CV-48-BO, 2020 WL 2441418, at *4 (E.D.N.C. May 12, 2020) (underscoring added).

In short, unlike the instant case where Sheriff Rogers expressly raised (<u>in his initial pleadings and as a counterclaim</u>) Plaintiff's obligations to register as a sex offender under both SORNA and State law, the Defendants in *Grabarczyk* never did so. Instead, *Grabarczyk* only involved the substantial similarity analysis under State law and it does not appear the Defendants in *Grabarczyk* asserted a counterclaim to put the SORNA issue before the Court. That distinction alone renders *Grabarczyk* thoroughly inapposite here.

But there is more. At issue in *Grabarczyk* were prior convictions from <u>another State</u> not federal military convictions accompanied by the unique military DD Form 2791 issued to the instant Plaintiff. The important implications of that DD Form (Doc. #20-1) are described in Sheriff Rogers' counterclaim (Doc. #20, pp. 11 - 13, ¶¶ 5 - 9). Specifically, Sheriff Rogers contends DD Form 2791 is significant because it states that as a consequence of Plaintiff's military convictions (in and of themselves), Plaintiff was required by Federal law to register as a sex offender upon his return to civilian life. (<u>Id</u>.). In his counterclaim, Sheriff Rogers further contends that Plaintiff acknowledged this requirement as evidenced by his initials and signature on the Form. (<u>Id</u>. and s*ee* Doc. #20-1). None of those distinct issues were present in *Grabarcyzk*.

Lastly, in *Grabarcyzk* the "substantial similarity" analysis was performed by a Sheriff's Deputy and the plaintiff was never provided with an opportunity to be heard or

other due process. _Grabarcyzk_, 2020 WL 2441418, at *2 and *4. As averred in Sheriff Rogers' Answer, however, Plaintiff Bethel received due process and a detailed review of his particular circumstances from both a Deputy and the undersigned attorney for the GCSO. (Doc. #20, pp. 4 – 5, ¶ 15; _see_ also Secor Aff., Doc. #14, ¶¶ 1 - 16).[6] In sum, the _Grabarcyzk_ opinion is so clearly distinguishable in so many material respects as to render it irrelevant to the instant proceedings.[7]

### C. The Sheriff has Standing to Seek a Judicial Declaration that Plaintiff has an Independent Duty under Federal Law to Register under SORNA

In the final section of his Brief (Doc. #22, pp. 5 – 7), Plaintiff challenges Sheriff Rogers' standing to seek a judicial declaration that--completely independent of any duty to register under the "substantial similarity" analysis in State law--the Plaintiff's military convictions also require him to register under the Federal SORNA.[8]

---

[6] The Affidavit of Deputy County Attorney Secor was previously filed with the Court last year in support of Sheriff Rogers' Motion (Doc. #12) to set aside Plaintiff's entry of default.

[7] The other case cited by Plaintiff in his pleadings, _Meredith v. Stein_, 355 F.Supp.3d 355 (E.D.N.C.) (2018) is equally distinguishable from the instant case. In _Meredith_, the decision by a Sheriff's Deputy to place the plaintiff on the SOR was made without any due process. The facts cited in _Meredith_ are limited, but there is no indication the Deputy in that case consulted with counsel, received evidence from the plaintiff, nor provided the plaintiff with any legal or factual basis for the decision to place him on the registry. _See_ id. at pp. 359-60, 364-65.

[8] As reflected in Plaintiff's Brief (Doc. #22, p. 5), his challenge of the Sheriff's standing is limited to the portion of the counterclaim pertaining to Plaintiff's independent obligation to register under _federal_ law. Plaintiff does not challenge the Sheriff's standing to seek a declaration concerning whether Plaintiff's military convictions are substantially similar to a reportable conviction under NC law. (_Id_.). As to the latter, Plaintiff's only challenge is under Rule 12(b)(6), and that challenge is addressed in Section A at pp. 9 – 12 above.

Title 34 U.S.C § 20913 of SORNA requires sex offenders to register. SORNA § 20913(5)(A)(iv) expands the definition of a sex offense to include "a military offense specified by the Secretary of Defense". Upon information and belief, the list of military offenses identified by the Defense Secretary is in "DOD Instruction 1325.07". That list, which is attached hereto as **Exhibit No. 1**, includes the military offenses for which Plaintiff was convicted as shown on Doc. ##20-1 and 20-2.[9] Title 18 U.S.C. § 2250(a)(2)(A) and (a)(3) make it a Federal crime for a military convictee with a qualifying sex offense to fail to register under SORNA. Those statutes support the Sheriff's request for a judicial declaration that Plaintiff is obligated to register as a sex offender under Federal law based on his military convictions.

In his Brief (Doc. #22, p. 5), Plaintiff acknowledges the duty of an individual to register under SORNA is independent of any corresponding obligations under State law. _United States v. Gould_, 568 F.3d 459, 463–64 (4th Cir. 2009) ("SORNA § 113(a)'s requirements to register and maintain registration are not expressly conditioned on a State's implementation of the Act, which is consistent with SORNA's purpose 'to strengthen and increase the effectiveness of [preexisting] sex offender registration and notification'."); _see also United States v. Templin_, 354 F. Supp. 3d 1181, 1183-84 (D. Mont. 2019) (recognizing that Federal and State sex offender registration requirements impose distinct, independent obligations upon an offender).

---

[9] Specifically, effective June 28, 2012, convictions for "sexual abuse of a child— committing a lewd act by intentionally exposing one's genitalia" under UCMJ Art. 120b(c) required registration under SORNA. _See_ **Ex. No. 1** to this Brief, pp. 79 and 85.

Sheriff Rogers contends he has standing to seek a judicial declaration concerning Plaintiff's duty to register as a sex offender under Federal law based on Plaintiff's military convictions. Plaintiff argues to the contrary, citing _Lujan v. Defender's of Wildlife_, 504 U.S. 555, 560-61 (1992), and contending the Sheriff lacks standing because "he has not suffered an invasion of a legally protected interest and thus no injury in fact". (Plaintiff's Brief, Doc. #22, p. 6).

Plaintiff's mechanical application of _Lujan_ is well-suited to cases involving a challenge to the constitutionality of a statute or a party claiming money damages as the result of another's actions. It is not a precise fit to the instant case where the party claiming standing is a government official charged with the enforcement of a statute. As County Sheriff, Sheriff Rogers is responsible for the enforcement of sex offender statutes under both Federal and State law. As to the former, the Supreme Court has expressly acknowledged that "federal sex-offender registration laws have, from their inception, expressly relied on state-level enforcement." _Carr v. United States_, 560 U.S. 438, 452, 130 S. Ct. 2229, 2238, 176 L. Ed. 2d 1152 (2010).

Per the High Court, "the injury-in-fact requirement helps to ensure that the plaintiff has a 'personal stake in the outcome of the controversy'." _Susan B. Anthony List v. Driehaus_, 573 U.S. 149, 158, 134 S. Ct. 2334, 2341, 189 L.Ed.2d 246 (2014) quoting _Warth v. Seldin_, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Because he is the local official charged with enforcement of Federal and State sex offender statutes in Plaintiff's specific case, Sheriff Rogers necessarily has such a personal stake in

this specific controversy. It is akin to the public interest doctrine in bankruptcy proceedings which allows a trustee standing to appeal under the Bankruptcy Act. The trustee's standing is not based on a personal financial stake in the proceedings, but because of the trustee's "official duty to enforce the bankruptcy law in the public interest." _In re Clark_, 927 F.2d 793, 796 (4th Cir. 1991).

As recognized by the State Supreme Court, a Sheriff is "the chief law enforcement officer of the County". _S. Ry. Co. v. Mecklenburg Cty._, 231 N.C. 148, 151, 56 S.E.2d 438, 440 (1949). As such, the Sheriff's primary duty "is to secure the public safety by enforcing the law, maintaining order, preventing crime, apprehending criminals, and protecting its citizens in their person and property. This is an indispensable function of county government which the county officials have no right to disregard and no authority to abandon." Id. In the instant case, Sheriff Rogers could not fully perform that duty if he is precluded from seeking a judicial determination concerning Plaintiff's obligation to register under Federal law in addition to the independent/separate requirement imposed on Plaintiff to register under State law.

The sex offender registration statutes—Federal and State—were enacted to protect public safety. As the County's chief law enforcement officer, Sheriff Rogers does not have the option of looking the other way and opting not to investigate whether Plaintiff is required to register as a sex offender under Federal and State law. To do so would be dereliction of his official duties and potentially expose the public to harm. If that harm were to be realized here--e.g., because Plaintiff committed additional sex offenses after

Case 1:20-cv-00330-LCB-JEP   Document 26   Filed 06/10/21   Page 18 of 22

being removed from the registry--the Sheriff could be held legally liable for money damages to those injured by Plaintiff's future misdeeds. On the other hand, subsequently prosecuting Plaintiff for failing to register under SORNA only to learn later that the charges were not justified, would subject the Sheriff to suit by Plaintiff. Hence the prudent course is to seek the Court's determination, via the pending counterclaim, concerning Plaintiff's duties to register as a sex offender under Federal and/or State law.[10]

The potential of such civil actions wherein the Sheriff could be legally liable for damages combined with his nondelegable legal duty to protect the safety of County citizens, give him a substantial stake in the outcome of this controversy and unequivocally establish his legal standing to seek the declaratory relief contained in his counterclaim.

## CONCLUSION

Plaintiff's Motion to Dismiss Sheriff Rogers' Counterclaim for Declaratory Relief should be **DENIED**.

---

[10] Furthermore, if Plaintiff were successful in his efforts to artificially limit the scope of the Court's inquiry and then prevail on his affirmative claims, it would prevent Sheriff Rogers from ever requiring Plaintiff to register based on his military convictions. Such a result would enable all similarly-situated sex offenders added to the registry in Guilford County during the last three years and prior to the enactment of N.C. Gen Stat. § 14-208.12B, to initiate similar lawsuits seeking removal from the registry without fear of a Court actually examining whether the offender was legally obligated to register. This would subject the Sheriff to significant future lawsuits (a real not theoretical threat) and place the public at risk. Hence, having the Court determine if Plaintiff suffered due process harm while still examining whether he is required by Federal and/or State law to register, is the most rational way to proceed.

19

This the 10th day of June, 2021.

/s/  J. D. Secor III
James D. Secor III (NCSB #17594)
*Attorney for Defendant Sheriff D.H. Rogers*

**OF COUNSEL**
Guilford County Sheriff's Office
400 W. Washington Street
Greensboro, NC 27401
Phone:  336-641-3161 / Fax: 336-641-6729
jsecor@guilfordcountync.gov

## <u>CERTIFICATION</u>

Pursuant to Local Rule 7.3(d), the undersigned verifies that the foregoing Response Brief does not exceed **<u>6,250</u>** words—including the body of the Brief, its headings and footnotes, but excluding the caption, signature lines, certificate of service, and this certification.

This the 10th day of June, 2021.

/s/ J. D. Secor III
James D. Secor III (NCSB #17594)
*Attorney for Defendant Sheriff D.H. Rogers*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT SHERIFF ROGERS' RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter Zellmer
Peter D. Zellmer, PLLC
421 N. Edgeworth St.
Greensboro, NC 27401
*Attorney for Plaintiff*

Paul Moore Dubbeling
P.M. Dubbeling, PLLC
210 North Columbia St.
Chapel Hill, NC 27514
*Attorney for Plaintiff*

This the 10th day of June, 2021.

/s/ J. D. Secor III
James D. Secor III
*Attorney for Defendant Sheriff D.H. Rogers*