| | |
|---|---|
| COREY BETHEL,<br><br>               Plaintiff,<br><br>v.<br><br>D.H. ROGERS, Sheriff of Guilford County, North Carolina, in his official capacity,<br><br>               Defendant. | **REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM** |

Comes now Plaintiff Corey Bethel, Defendant to the counterclaims asserted by Defendant D.H. Rogers in his "Answer to Complaint and Counter-Claim for Declaratory Judgment" [ECF 20], by and through undersigned counsel, and does hereby submit the following Reply to Defendant's Response to Plaintiff's Motion to Dismiss Counterclaims.

## Argument

**I. Resolution of the underlying mixed question of law and fact whether Mr. Bethel is required to register as a sexual offender in North Carolina is irrelevant to the inquiry whether the process by which that determination was made is constitutionally sufficient.**

Sheriff Rogers spends much of his response brief arguing that Mr. Bethel is <u>in fact</u> required to register because he committed an offense

1

substantially similar to a North Carolina offense requiring registration. As noted in Plaintiff's motion to dismiss, this factual argument is simply irrelevant to the question whether Mr. Bethel received due process. A State cannot forego the trial merely because it believes the defendant guilty. *See Crawford v. Washington*, 541 U.S. 36, 62 (2004).

Sheriff Rogers presents additional factual argument that Mr. Bethel has committed a sexual offense as defined by federal law.[1] But again, this is irrelevant to the question at hand. There is no federal registration requirement binding upon the States.[2] Rather, Congress has left it to the States to determine who is and is not required to register within their sovereign territories. As the North Carolina registry is entirely a creature of state law, and as the state law does not include registration solely upon commission of a federally defined sexual offense, there is no authority for the proposition that Sheriff Rogers can require an individual to register (and hence become subject to the myriad and extensive restraints and disabilities

---

[1] Mr. Bethel further notes that Sheriff Rogers's proposed counterclaim is facially deficient in that he has not alleged that Mr. Bethel travelled in interstate commerce – a necessary predicate to federal jurisdiction under the statute creating a federal duty to register if required by state law. *See* 18 U.S.C. § 2250

[2] Of note, to the extent that there is a federal registration requirement for persons, like Mr. Bethel, convicted of military offenses, that requirement is specifically defined in 34 U.S.C. § 20931, which places eligible persons on the National Sex Offender Registry <u>without regard</u> to state-level registration.

imposed upon registrants in North Carolina[3]) other than as authorized by state law.

North Carolina has specifically declined to require registration for all persons convicted of a sexual offense as defined by federal law, instead requiring registration only for federal offenses "substantially similar" to a North Carolina offense requiring registration. N.C.G.S. § 14-208.6(4)(c) (defining a "reportable conviction" as "a final conviction in a federal jurisdiction (including a court martial) of an offense, which is substantially similar to an offense against a minor or a sexually violent offense as defined by this section"). *See Grabarczyk v. Stein*, 2020 U.S. Dist. LEXIS 83356, **12-13, 2020 WL 2441418 (E.D.N.C. May 12, 2020), vacated as moot, *Grabarczyk v. Stein*, 2020 U.S. App. LEXIS 25948 (4th Cir. Aug. 14, 2020).[4]

---

[3] *See generally* N.C.G.S. § 14-08.5 *et seq.* (placing restrictions on registrants far beyond what is required under federal SORNA, including restrictions on Internet usage, employment, housing, and mere presence in a wide variety of public places).

[4] While Sheriff Rogers argues that *Grabarczyk* is "inapposite" he does nothing to undercut its logic. ECF No. 26 at 14. He simply argues that in this case the argument is presented as a counterclaim not a defense and that *Grabarczyk* involved out-of-state rather than federal convictions. *Id.* But whether presented as a counterclaim or defense, *Grabarczyk* holds that the existence of a federal duty remains irrelevant to the question whether a state law determination was made with due process. 2020 U.S. Dist. LEXIS 83356 at ** 12-13. Nor does the federal statute distinguish between state-level and federal convictions. *See* 18 U.S.C. § 2250.

Even were this not the case, as shown below, Defendant Rogers lacks standing to pursue an affirmative claim that Mr. Bethel is required to register under federal law.

## II. A "counterclaim" is, tautologically, a "claim" for which the counterclaimant must independently demonstrate standing.

Sheriff Rogers takes issue with Mr. Bethel's definition of a "counterclaim," pointing to Fed. R. Civ. P. 13(a) and arguing that his counterclaims meet the criteria of subdivisions (a) and (b) of that rule. ECF No. 26 at 11.

But Sheriff Rogers's argument leaves out the first sentence of the rule – defining a compulsory counterclaim as "any <u>claim</u> . . . the pleader has against an opposing party." It does not matter whether Sheriff Rogers's proposed counterclaims meet the <u>additional</u> requirements of Fed. R. Civ. P. 13(a) – he must first demonstrate that he has a valid claim, including the requirement that he have standing to bring such claim.

## III. There is no "law enforcement" exception to the requirements of standing.

Sheriff Rogers does not seriously argue that he has standing to pursue his counterclaims[5] under the standard articulated in *Lujan v. Defenders of*

---

[5] Contrary to Sheriff Rogers's assertion (ECF No. 26 at 15 n.8), Mr. Bethel challenges Sheriff's Rogers's standing with regard to both of his counterclaims. *See* ECF No. 22 at 5 – 7.

4

*Wildlife*, 504 U.S. 555, 560-61 (1992). He does not articulate what "injury in fact" he has suffered, how that injury is traceable to Mr. Bethel, or how a favorable decision would redress this injury. *See id.* Instead, he argues that these standards should not apply to this case for a variety of reasons. ECF No. 17 -19. But the three elements articulated in *Lujan* are the "core components" of standing, and "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560-61. Without these, without "injury," "traceability," and "redressability'" there is no federal jurisdiction under the U.S. Constitution. Sheriff Rogers is not in a position "akin" to a bankruptcy trustee, who has statutorily defined rights in bankruptcy cases. *See In re Clark*, 927 F.2d 793, 796 (4th Cir. 1991) (trustee's standing predicated on statutory authorizations). And there is no "public interest" exception to the irreducible requirements of standing. *See generally Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (party must be seeking a remedy for a "personal and tangible harm").

Moreover, Sheriff Rogers's legal and public policy arguments for creating a generalized "law enforcement" exception to standing requirements are without merit. *Carr v. United States*, 560 U.S. 438, 452 (2010), does not charge local officials with enforcement of federal registry laws. The passage cited by Sheriff Rogers refers to the fact that federal sex offender registry

5

laws require state-level implementation. *See id.*, ECF No. 26 at 17. The interpretation Sheriff Rogers suggests, that he is mandated to enforce federal law, would violate the Tenth Amendment. *See, e.g.*, *Printz v. United States*, 521 U.S. 898, 935 (1997) (federal government may not commandeer state officials for the purpose of enacting or administering a federal statute). And North Carolina likewise places no generalized duty upon a sheriff to enforce federal law. *See generally* N.C.G.S. § 162-13 *et seq.*

Finally, Sheriff Rogers suggests that he must be able to proceed with his counterclaims in the interest of public safety. However, there is no "public safety" exception to constitutional standing nor is the parade of horribles Sheriff Rogers invokes a realistic concern. If the North Carolina state legislature determines that persons who have committed a federally defined sexual offense should be required to register on that basis alone, then it may simply amend the law to state so. More generally, a finding that Sheriff Rogers has failed to provide due process in this case does not permanently block registration of Mr. Bethel (or others similarly situated). It blocks registration <u>unless and until</u> the State provides him (them) the process due.

Sheriff Rogers cites no authority for either the proposition that it is somehow inherent in his powers as a sheriff to bring federal declaratory judgment actions to determine an individual's obligations under federal law or that he might somehow be civilly liable for failure to do so. Sheriff Rogers

6

cannot be civilly liable for improperly "prosecuting" Mr. Bethel because sheriffs do not "prosecute" anyone. Nor does Sheriff Rogers face civil liability for failing to register someone who is not required to register under current state law. Contrary to his claims, Sheriff Rogers is not a federal law enforcement official and, even if he were, registration on the North Carolina registry is purely a question of state law.

## Conclusion

Sheriff Rogers cites no legal precedent for the extraordinary contention that he has standing to bring a federal declaratory judgment action in response to Mr. Bethel's due process claim. Indeed, he appears to concede that, under the standards articulated in *Lujan*, he lacks such standing. Instead, he asks this Court to find an exception in the name of efficiency and public policy.

But the elements of standing articulated in *Lujan* are the irreducible minimum of federal jurisdiction. They may not be abrogated because it might be convenient or efficient to do so. *Perry*, 570 U.S. at 704-05 ("In light of this overriding and time-honored concern about keeping the Judiciary's power within its proper constitutional sphere, we must put aside the natural urge to proceed directly to the merits of an important dispute and to settle it for the

7

sake of convenience and efficiency.") (internal quotation marks and citation omitted).

Sheriff Rogers's remedy here is not in seeking to persuade this Court to exercise powers it does not have, but in seeking a change to state law that removes the constitutional deficiency. If the state legislature determines that Mr. Bethel should register based solely upon his federal conviction, it is free to make that change. Likewise, it is free to provide constitutionally sufficient process in determining whether Mr. Bethel's offense is "substantially similar" to a North Carolina offense requiring registration. But what should not happen is what happened here – that Mr. Bethel has suffered a substantial deprivation of liberty that is not authorized by state law and that has been imposed without due process.

Finally, the issue before the Court is not, at this stage, whether Mr. Bethel received constitutionally sufficient process or whether the federal duty alleged by Sheriff Rogers excuses a lack of due process. It is whether these arguments are properly presented as independent counterclaims against Mr. Bethel. For the reasons outlined above, they are not. And though Mr. Bethel does not believe these arguments are valid defenses either, Sheriff Rogers remains free to raise them at a later stage of this litigation.

This is the 24th day of June, 2021.

/s/ *Paul M. Dubbeling*
Paul M. Dubbeling
210 North Columbia Street
Chapel Hill, NC 27514
(919) 635-6005 Telephone
(919) 404-7074 Facsimile
paul.dubbeling@pmdubbeling.com
NC Bar # 47014

## CERTIFICATE OF WORD COUNT

I certify that the foregoing REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM does not exceed 3,125 words, including the body of the brief, headings, and footnotes.

This the 24th day of June, 2021.

*/s/ Paul M. Dubbeling*
Paul M. Dubbeling
210 North Columbia Street
Chapel Hill, NC 27514
(919) 260-1615 Telephone
(919) 404-7074 Facsimile
paul.dubbeling@pmdubbeling.com
NC Bar # 47014

10

Certificate of Service

      I hereby certify that on this 24th day of June, 2021, a copy of the attached REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM was filed electronically with the Clerk of Court using the CM/ECF system which will send notification to all parties of record.

      /s/ *Paul M. Dubbeling*
Paul M. Dubbeling
210 North Columbia Street
Chapel Hill, NC 27514
(919) 635-6005 Telephone
(919) 245-0099 Facsimile
paul.dubbeling@pmdubbeling.com
NC Bar # 47014
*Attorney for Plaintiff*

11