IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| COREY BETHEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV330 |
| | ) | |
| D.H. ROGERS, Sheriff of Guilford County North Carolina, in his official capacity, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Corey Bethel ("Bethel") initiated this action for Declaratory and Injunctive Relief on April 14, 2020, against Defendant D.H. Rogers, Sheriff of Guilford County, ("Sheriff Rogers") in his official capacity. (ECF No. 1.) On March 24, 2021, Sheriff Rogers filed an Answer to the Complaint and Counterclaim for Declaratory Judgment. (ECF No. 20.) Before the Court is Bethel's Motion to Dismiss Sheriff Rogers' Counterclaim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 21.) For the reasons stated below, Bethel's Motion to Dismiss will be granted.

I. BACKGROUND

On March 17, 2017, Bethel "pleaded guilty to two criminal counts of sexual abuse of a child under Article 120b(c) and (h)(5)(B) of the Uniform Code of Military Justice." (ECF No. 20 at 11 ¶ 1.) He was subsequently "sentenced to 2 years and 6 months of active confinement in a military correction facility," and upon completion of his sentence on September 20, 2018,

he was discharged and allowed to return home to Greensboro, North Carolina. (*Id.* at 11 ¶¶ 2–3.)

When he returned to North Carolina on September 25, 2018, Bethel "met with Deputy P. Murphy who was employed as a sworn Deputy Sheriff by Defendant Sheriff Rogers in the [Guilford County Sheriff Office]'s Sex Offender Registration Unit." (*Id.* ¶ 4.) Prior to this meeting, Deputy Murphy was provided with a "'Report of Result of Trial,' signed by the military prosecutor—Captain M.M. Teeple—which summarized the offenses to which [Bethel] had pleaded guilty," "reflected his sentence," and stated that Bethel's registration as a sex offender was required. (*Id.* at 13 ¶¶ 7–8; ECF No. 20-2 at 2.) Deputy Murphy was also provided with a military discharge form, DD Form 2791, entitled "Notice of Release/Acknowledgment of Convicted Sex Offender – Registration Requirements." (ECF Nos. 20 at 11 ¶ 5; 20-1.) The Form provided that because of his military convictions, Bethel was

> "required . . . to register as a sex offender"; that he was "subject to registration requirements under the Sex Offender Registration and Notification Act (SORNA)"; that while Plaintiff was "awaiting appellate review" of his military convictions, he was "required to register with the state and local law enforcement agencies until the appellate process is complete"; that he was ordered to "REPORT TO REGISTER" at the Guilford County Sheriff's Office the following "Monday"; and that he was "subject to a registration requirement as a sex offender."

(ECF No. 20 at 11–12 ¶ 6 (emphasis omitted) (quoting ECF No. 20-1 at 3).)

Bethel signed and initialed that he understood and acknowledged each of these provisions. (*Id.*; ECF No. 20-1 at 3.) After reviewing these documents, Deputy Murphy concluded that "as a consequence of [Bethel's] military convictions . . . he was required by

Federal law to register as a sex offender upon his return to civilian life in Guilford County." (ECF No. 20 at 13 ¶ 9.)

Moreover, Sheriff Rogers alleges that under N.C. Gen. Stat. § 14-208.7, "any person who is a state resident and who has a 'reportable conviction' [is required] to maintain a sex offender registration with the Sheriff of the county where the person resides." (*Id.* at 14 ¶ 10.) He further states that a "reportable conviction" is defined in § 14-208.6(4)(c) as "[a] final conviction in a federal jurisdiction (including a courts-martial) of an offense, which is substantially similar to an offense against a minor or a sexually violent offense as defined by this section." (*Id.* ¶ 11 (emphasis omitted).) According to Sheriff Rogers, the legal elements of Bethel's military convictions for sexual abuse of a child and North Carolina's criminal offense of taking indecent liberties with children are substantially similar.[1] (*Id.* ¶¶ 12–13.)

On April 14, 2020, Bethel filed suit against Sheriff Rogers seeking a declaratory judgment that Sheriff Rogers violated his Due Process Rights under the Fourteenth Amendment of the U.S. Constitution by placing him on the North Carolina Sex Offender Registry ("NC SOR") and "thereby subjecting him to a substantial deprivation of liberty without constitutionally sufficient due process." (ECF Nos. 1 at 7; 20 at 17 ¶ 21.) Specifically, Bethel alleges that he was placed on the NC SOR pursuant to determination by a sheriff's deputy that his conviction for an offense under the Uniform Code of Military Justice was "substantially similar" to a North Carolina offense requiring registration. (ECF No. 1 ¶ 15.)

---

[1] In his Answer, Sheriff Rogers states that Bethel was registered "because his military courts-martial and military discharge documents mandated it, and because a review of his military convictions for sexual abuse of a child . . . determined that said convictions were 'substantially similar' to the North Carolina criminal offense of taking indecent liberties with children under N.C. Gen. Stat. § 14-202.1." (ECF No. 20 at 4 ¶ 15.)

3

Bethel claims that the "determination was made without notice or opportunity to be heard and without right of appeal." (ECF No. 1 at 2.) Bethel now seeks "declaratory and injunctive relief preventing Defendant from requiring him to register as a sex offender unless and until he is afforded constitutionally sufficient due process" in determining whether his offense is "substantially similar" to an offense requiring registration under North Carolina law. (*Id.*) Notably, Bethel does not seek a judicial declaration as to whether his two military convictions for sexual abuse of a child are, in fact, "substantially similar" to the North Carolina offense of taking indecent liberties with a child or related offense. (ECF No. 20 at 17 ¶ 21.)

On March 24, 2021, Sheriff Rogers filed Answer to the Complaint and Counterclaim for Declaratory Judgment. (ECF No. 20.) In his counterclaims, Sheriff Rogers seeks a "judicial declaration, decree, and final judgment" on two questions:

1. Do [Bethel's] military courts-martial and military discharge documents . . . when combined with the provisions of the federal Sex Offender Registration and Notification Act ("SORNA") . . . require [Bethel] to register as a sex offender on the NC SOR? (ECF No. 20 at 19 ¶ 25(A).)
2. Are [Bethel's] convictions for sexual abuse of a child under Article 120b of the Uniform Code of Military Justice, "substantially similar" to the offense of taking indecent liberties with children under N.C. Gen. Stat. § 14-202.1, or some other "reportable conviction" as defined by Gen. Stat. § 14-208.6(4)c and § 14-208.6(5)? (ECF No. 20 at 19 ¶ 25(B).)

Bethel now moves to dismiss Sheriff Rogers' counterclaims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 21.)

## II. STANDARD OF REVIEW

Under Rule 12(b)(1), a party may seek dismissal based on the court's lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction is a threshold issue that relates to the court's power to hear a case and must be decided before a determination on

4

the merits of the case.  *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005).  A motion under Rule 12(b)(1) raises the question of "whether [the claimant] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim."  *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012).  "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  A court should grant a motion to dismiss for lack of subject-matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Id.*

On a motion to dismiss for lack of standing, a court must construe the counterclaim in the claimant's favor, accepting as true the factual allegations in the counterclaim.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *see also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).  "The party invoking federal jurisdiction bears the burden of establishing standing."  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013)).

### III. DISCUSSION

Bethel moves to dismiss Sheriff Rogers' counterclaims arguing that (1) Sheriff Rogers fails to state any valid claim for relief against Bethel and (2) Sheriff Rogers lacks standing to bring the counterclaims.  (ECF No. 21 at 1.)  Because Bethel's standing argument implicates this Court's subject-matter jurisdiction, the Court will address it first.

On the issue of standing, Bethel argues that Sheriff Rogers "suffered no invasion of a legally protected interest and thus no injury in fact." (ECF No. 23 at 6.) Specifically, Bethel argues that Sheriff Rogers has not alleged that Bethel acted to deny to Sheriff Rogers any constitutionally guaranteed right, liberty interest, or property interest. (*Id.*)

Under Article III of the United States Constitution, the jurisdiction of a federal court is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2. In a declaratory judgment action, "concrete legal issues, presented in actual cases, not abstractions" are required. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947)). Thus, a district court cannot grant declaratory relief unless an "actual controversy" exists. *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941). "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree . . . ." *Zwickler*, 394 U.S. at 108 (quoting *Md. Cas. Co.*, 312 U.S. at 273).

To establish an "actual controversy" in a declaratory judgment action, the facts alleged must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co.*, 312 U.S. at 273. However, before a court can determine whether it has jurisdiction under the Declaratory Judgment Act, the court must first determine whether it has "Article III jurisdiction at all." *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 199 (4th Cir. 2019). Thus, the Court must first determine whether Sheriff Rogers has satisfied the "the irreducible constitutional minimum of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

6

To establish constitutional standing at the motion to dismiss stage, a claimant must plausibly allege that he has: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiffs bear the burden of establishing these elements. *Id.* "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth*, 422 U.S. at 518).

The first element of standing—that plaintiff has suffered an injury in fact—"ensures that plaintiffs have a 'personal stake in the outcome of the controversy.'" *Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018) (quoting *Warth*, 422 U.S. at 498). Where, as here, Sheriff Rogers seeks declaratory relief, he must "establish an ongoing or future injury in fact." *Id.*

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). A plaintiff fails to meet his burden of establishing standing "[w]ithout a sufficient allegation of harm." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (quoting *Doe v. Obama*, 631 F.3d 157, 160 (4th Cir. 2011)).

"[W]hile it is true 'that threatened rather than actual injury can satisfy Article III standing requirements,' . . . not all threatened injuries constitute an injury-in-fact." *Id.* at 271 (quoting *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 160 (4th Cir. 2000)). Rather, an injury in fact "must be concrete in both a qualitative and temporal sense." *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). The Supreme Court has stated

7

that the claimant "must allege an injury to himself that is 'distinct and palpable,' . . . as opposed to merely 'abstract.'" *Whitmore*, 495 U.S. at 155 (quoting *Warth*, 422 U.S. at 501; then quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). The alleged injury cannot be "too speculative for Article III purposes." *Lujan*, 504 U.S. at 564 n.2.

Here, Sheriff Rogers claims that "he has standing to seek a judicial declaration concerning [Bethel's] duty to register as a sex offender under Federal law based on Plaintiff's military convictions." (ECF No. 26 at 17.) To support this contention, Sheriff Rogers argues that "[b]ecause he is the local official charged with enforcement of Federal and State sex offender statutes in [Bethel's] specific case, [he] necessarily has such a personal stake in this specific controversy." (*Id.* at 17–18.) He further argues that he would be held legally liable if (1) Bethel "committed additional sex offenses after being removed from the registry" or (2) he prosecuted Bethel "for failing to register under SORNA only to learn later that the charges were not justified." (*Id.* at 18–19.) Thus, Sheriff Rogers is alleging the threat of a future harm.

Such harm does not satisfy the injury-in-fact requirement of Article III standing. Even Sheriff Rogers acknowledges that his request is premised on speculative harm, noting that "*[i]f that harm were to be realized*" then the Sheriff "*could* be held legally liable." (*Id.*) Sheriff Rogers' assertions that he could possibly be held liable are merely conjectural. Any harm would depend upon the occurrence of hypothetical situation where Bethel is removed from the NC SOR, commits another sex offense against a third party, and that third party decides to sue Sheriff Rogers. Sheriff Rogers also provides a hypothetical where he prosecutes Bethel for failing to register under SORNA only to learn later that the charges were not justified, and

thus, Bethel decides to sue him.[2]  This speculative injury is insufficient for Article III's purposes.  Accordingly, Sheriff Rogers does not provide any plausible factual allegations of imminent harm and has thus failed to allege sufficient facts to establish an injury in fact.

Even if the Court were to accept that Sheriff Rogers has established an injury in fact, he still fails to satisfy the other requirements of Article III standing.  Sheriff Rogers has not shown that his alleged injury is fairly traceable to the challenged conduct of Bethel, or that his alleged injury is likely to be redressed by a favorable judicial decision.

To satisfy the second element of standing, Sheriff Rogers must establish "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Lujan*, 504 U.S. at 560–61 (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976)).  "A party does not satisfy the traceability requirement when they 'can only speculate' about whether a party will pursue a certain action in a specific way." *Meyer v. McMaster*, 394 F. Supp. 3d 550, 561 (D.S.C. 2019) (quoting *Clapper*, 568 U.S. at 413).  For an injury to satisfy the causation element, it "must result from the actions of the respondent, not from the actions of a third party beyond the

---

[2] Under North Carolina law, the Attorney General and county district attorneys are the ones "responsible for the criminal prosecution of individuals who fail to register as sex offenders." *Meredith v. Stein*, 355 F. Supp. 3d 355, 361 (E.D.N.C. 2018) (citing N.C. Gen. Stat. §§ 114-11.6, 14-208.11).  In addition, the chances of Sheriff Rogers being sued for these actions is highly unlikely because North Carolina law provides "[n]o sheriff, or employee of a sheriffs' office, district attorney's office, or the North Carolina State Bureau of Investigation shall incur any civil or criminal liability under North Carolina law as the result of the performance of official duties under this Article." N.C. Gen. Stat. § 14-208.12B(i).

9

Court's control." *Mirant Potomac River, LLC v. U.S. Env't Prot. Agency*, 577 F.3d 223, 226 (4th Cir. 2009).

Here, as mentioned above, Sheriff Rogers argues that he could be subject to suit and held liable for money damages by third parties if Bethel is removed from the NC SOR, then commits another offense. (ECF No. 26 at 18–19.) Such an injury is not fairly traceable to the conduct of Bethel himself. The threat of suit by potential future victims of a crime that Bethel may commit would be the result of the actions of some third party not before the Court—and thus beyond the Court's control. Accordingly, Sheriff Rogers has failed to satisfy the causation prong of the Article III standing analysis.

For similar reasons, Sheriff Rogers is also unable to satisfy the third element of standing—redressability. This element requires a plaintiff to show that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Deal v. Mercer Cnty. Bd. of Educ.*, 911 F.3d 183, 189 (4th Cir. 2018) (quoting *Sierra Club v. U.S. Dep't of the Interior*, 899 F.3d 260, 284 (4th Cir. 2018)). "The redressability requirement ensures that a plaintiff 'personally would benefit in a tangible way from the court's intervention.'" *Friends of the Earth, Inc.*, 204 F.3d at 162 (quoting *Warth*, 422 U.S. at 508). The Fourth Circuit has made clear that "[b]y itself, a declaratory judgment cannot be the redress that satisfies the third standing prong. Rather, plaintiffs must identify some further concrete relief that will likely result from the declaratory judgment." *Comite de Apoyo a los Trabajadores Agricolas (CATA) v. U.S. Dep't of Lab.*, 995 F.2d 510, 513 (4th Cir. 1993) (finding that plaintiffs could not satisfy redressability requirement where they sought a declaratory judgment that the Department of Labor's wage-correlation methodology was invalid).

10

Here, the declaratory judgment that Sheriff Rogers seeks would hold that (1) Bethel is required under federal law to register as a sex offender on the NC SOR, independent of any duty to register under North Carolina law; and that (2) Bethel's military convictions are "substantially similar" to the offense of taking indecent liberties with children under North Carolina law thus requiring him to register on the NC SOR. (ECF No. 26 at 2–3.) There is no indication that Sheriff Rogers would be personally afforded any concrete relief from a declaratory judgment on either of these issues.

Finally, Sheriff Rogers' argument that his position as "chief law enforcement officer of the County" and his duty "to protect public safety" establishes Article III standing is unavailing. Sheriff Rogers contends that because he is the local official charged with enforcement of federal and state sex offender statutes in Bethel's case, he necessarily has such a personal stake the controversy. (*Id.* at 17–18.) He argues that "[i]t is akin to the public interest doctrine in bankruptcy proceedings" where "standing is not based on a personal financial stake in the proceedings, but . . . [a] 'duty to enforce the bankruptcy law in the public interest.'" (*Id.* at 18 (quoting *In re Clark*, 927 F.2d 793, 796 (4th Cir. 1991).) Sheriff Rogers does not provide any case law or authorities supporting the notion that his position removes him from the confines of Article III standing. This Court similarly finds no support for this contention.

Accordingly, Sheriff Rogers has failed to plausibly allege the elements of Article III standing, and his counterclaims must and will be dismissed for lack of subject-matter jurisdiction.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Bethel's Motion to Dismiss Counterclaim, (ECF No. 21), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **GRANTED**, and therefore Sheriff Rogers' claims against Bethel are **DISMISSED**.

This the 29th day of September 2022.

/s/ Loretta C. Biggs
United States District Judge

12

Case 1:20-cv-00330-LCB-JEP   Document 30   Filed 09/29/22   Page 12 of 12